IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **ERRICK M. WRIGHT**, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civ. Act. No. 05-442-GMS |
| | : | |
| **RICK KEARNEY**, Warden, | : | |
| and **M. JANE BRADY**, | : | |
| Attorney General of the | : | |
| State of Delaware | : | |
| | : | |
| Respondents. | : | |

## ANSWER

Pursuant to Rule 5 of the Rules Governing Section 2254 Actions, 28 U.S.C. foll. § 2254, the respondents state the following in response to the petition for a writ of habeas corpus:

The petitioner, Errick M. Wright, has applied for federal habeas relief challenging a finding by the Delaware Superior Court that he had violated the conditions of his probation in connection with several sentences imposed in 2004. (D.I. 2). On May 21, 2004, a Superior Court jury convicted Wright of three counts of theft and one count of criminal mischief. *See* Super. Ct. Dkt. in ID No. 0310003717. The Superior Court sentenced Wright on June 25, 2004, *inter alia*, to an aggregate period of four years in prison, suspended for probation. *See* Sentence Order dated June 25, 2004. The Superior Court thereafter has twice determined that Wright violated the terms of his probation. *See* Super. Ct. Violation of Probation Sentence Order dated June 2, 2005; Super. Ct. Violation of Probation Sentence Order dated January 6, 2005. On June 21, 2005, Wright filed in the Delaware Supreme Court a *pro se*

notice of appeal and designation of transcript from the Superior Court's violation of probation sentence on June 2, 2005. Wright also filed three motions in connection with the state supreme court appeal: 1) a motion for release on unsecured bond pending appeal; 2) a motion to stay the execution of sentence and for bail; and 3) a motion for a certificate of reasonable doubt. *Wright v. State*, No. 270, 2005 (Del. Sept. 7, 2005) (interim order). The court rejected the relief requested by Wright. As the order reveals, however, Wright has pending in the state supreme court an appeal of the Superior Court's violation of probation sentence. *See Id.*; Super. Ct. Dkt. in ID No. 0310003717 D.I. 2--item 45. Wright's petition is stamped as filed with the Clerk on June 27, 2005. (D.I. 2).

## Discussion

In the petition, Wright presents a litany of complaints about his sentencing for the violation of probation. In addition to taking issue generally with the Superior Court's factual determination that Wright had violated the terms of his probation, the gist of Wright's complaint is that he should not be required to participate in anger management counseling. According to Wright, the condition of probation requiring attendance at anger management counseling was violative of "his Fifth Amendment rights because as this condition put movant in jeopardy" and of his "Eighth Amendment rights due to its unusual punishment." (D.I. 2 at ¶¶8-10).

A state petitioner seeking federal habeas relief must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1)(A); *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Rose v. Lundy*, 455 U.S. 509, 515 (1982); *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Story v. Kindt*, 26 F.3d 402, 405 (3d Cir. 1994); *Dawson v. Snyder*, 988 F. Supp. 783, 802 (D. Del.

1997). The petitioner has the burden of proving exhaustion. *Landano v. Rafferty*, 897 F.2d 661, 668 (3d Cir. 1990). Further, a would be federal habeas corpus petitioner must await the outcome of his appeal before his state remedies are considered exhausted. *Sherwood v. Tompkins*, 716 F.2d 632, 634 (9th Cir. 1983), *cited in Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994). Thus as a general rule, federal review of a state criminal prosecution is unavailable in a habeas corpus proceeding before the state proceeding is complete. *Evans v. Court of Common Pleas*, 959 F.2d 1227, 1234 (3d Cir. 1992); *accord Allen v. Attorney General*, 80 F.3d 569, 572 (1st Cir. 1996); *Knox v. Wyoming*, 959 F.2d 866, 868 (10th Cir. 1992); *McGann v. New York*, 870 F.2d 908, 910-11 (2d Cir. 1989).

Ordinarily, a failure to exhaust a claim results in dismissal of the habeas petition so that the petitioner may exhaust state court remedies. *Rose*, 455 U.S. at 510; *Gibson v. Scheidemantel*, 805 F.2d 135, 138 (3d Cir. 1986). The exhaustion requirement "serves the interests of comity between the federal and state systems by allowing the state an initial opportunity to determine and correct any violations of a prisoner's rights." *Gibson*, 805 F.2d at 138 (citing *Picard*, 404 U.S. at 275; *Brown v. Cuyler*, 669 F.2d 155, 157 (3d Cir. 1982)). Wright's appeal of the Superior Court's violation of probation determination is still pending in the state supreme court, and thus he has failed to exhaust state remedies. *See* Del. Supr. Ct. Dkt.; D.I. 2 at 3. Accordingly, Wright's habeas petition must be dismissed. *See* 28 U.S.C. § 2254(b)(1)(A); *Rose*, 455 U.S. at 520-21; *Gibson*, 805 F.2d at 138; *see also Evans*, 959 F.2d at 1234; *McGann*, 870 F.2d at 910-11; *Sherwood*, 716 F.2d at 634.[1]

---

[1] A stay is not warranted in this case because Wright's ability to file a future federal habeas petition after proper exhaustion in the state courts is not foreclosed under the one-year limitations period of 28 U.S.C. § 2244(d). *See Rhines v. Weber*, 125 S. Ct. 1528, 1533 (2005); *Pliler v. Ford*, 542 U.S. 225 (2004); *Crews v. Horn*, 360 F.3d 146, 149-150 (3d Cir.

## Conclusion

Based upon the documents submitted by Wright in the state court appeal, it appears that Wright has directed the court reporter to transcribe his June 2, 2005 violation of probation hearing in the Superior Court. In the event that the Court directs production of any transcript, the respondents cannot state with specificity when the transcript could be produced, but reasonably expect that production would take 90 days from the issuance of any order by the Court.

For the foregoing reasons, the petition for a writ of habeas corpus should be dismissed without further proceedings.

/s/
Thomas E. Brown (ID# 3278)
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE  19801
(302) 577-8500
e-mail: *ThomasE.Brown@state.de.us*

Date: October 7, 2005

---

2004).

## CERTIFICATE OF SERVICE

The undersigned, being a member of the Bar of this Court, hereby certifies that on October 7, 2005 he caused to be electronically filed a Motion for Extension of Time with the Clerk of the Court using CM/ECF.  I hereby certify that on October 7, 2005 I have also caused to be mailed by first class U.S. Mail two copies of the document to the following non-registered participant, the petitioner:

    Errick M. Wright (No. 211465)
    SCCC
    SVOP/SWRU
    23207 Dupont Blvd.
    Georgetown, DE 19947.

    /s/
    Thomas E. Brown
    Deputy Attorney General
    Del. Dept. of Justice

    Counsel for Respondents

Date: October 7, 2005