# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **ERRICK M. WRIGHT**, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civ. Act. No. 05-442-GMS |
| | : | |
| **RICK KEARNEY**, Warden, | : | |
| and **M. JANE BRADY**, | : | |
| Attorney General of the | : | |
| State of Delaware | : | |
| | : | |
| Respondents. | : | |

### RESPONSE TO MOTION FOR DEFAULT JUDGMENT
### PURSUANT TO FEDERAL RULE OF APPELLATE PROCEDURE 23(a)

For the following reasons, the petitioner's filing titled "motion for default judgement" should be denied:

The petitioner, Errick M. Wright, has applied for federal habeas relief challenging a finding by the Delaware Superior Court that he had violated the conditions of his probation in connection with several sentences imposed in 2004. (D.I. 2). The respondents filed an answer to the petition on October 7, 2005. (D.I. 16). Wright has submitted a document titled "motion for default judgement" dated November 14, 2005. (D.I. 20). This is the respondents' response to Wright's motion.

Wright challenges a transfer from the custody of "Rick Kearney to the custody of Vince Bianco at the Central Violation Center in Smyrna, Delaware." (D.I. 20 at ¶ 1). The only legal authority advanced by Wright is Federal Rule of Appellate Procedure 23(a). As the argument goes, Wright's transfer runs afoul of Rule 23(a), and thus dismissal is required. Wright's misguided request for default judgment fails on many fronts.

Wright, *inter alia*, simply misreads the terms of Rule 23(a). A plain reading of Rule 23(a) reveals that the rule applies only in the context of a habeas proceeding which has resulted in a decision and which is then pending on appeal. *See, e.g.*, *Lindstrom v. Graber*, 203 F.3d 470, 475 (7th Cir. 2000); *Pethel v. Attorney General of Indiana*, 704 F. Supp. 166, 169 (N.D. Ind. 1989) (Rule 23 is applicable "pending review of a *decision* in a habeas corpus proceeding.") (citing 16 Wright, Miller, Cooper and Gressman, FEDERAL PRACTICE AND PROCEDURE § 3969); *see also* FED. R. APP. P. 1(a)(1). A review of the docket here reveals that the Court has not yet issued a decision in this case, and perforce the rules of appellate procedure simply do not apply to the situation presently before the Court. See *Pethel*, 704 F. Supp. at 168-69. Because Rule 23 applies only to habeas corpus decisions that are on appeal, the rule simply does not provide a basis for relief. *See generally* James Liebman & Randy Hertz, FEDERAL HABEAS CORPUS PRACTICE AND PROCEDURE ¶ 36.3 at 1469-70 (3d ed. 1998)   Regardless, relief under Rule 23(a) may only be obtained upon a showing of prejudice. *Strachan v. Army Clemency and Parole Bd.*, 151 F.3d 1308, 1312-13 (3d Cir. 1998) (collecting cases). Wright makes no such showing and the record is devoid of any evidence of prejudice in the context of Rule 23.[1]

The relief requested by Wright is not contemplated by the underlying Rule 23(a). Instead, the purpose of Rule 23 is to prevent prison officials from frustrating an inmate's efforts to obtain habeas relief by physically removing him from the territorial jurisdiction of the court in which an appeal is pending. *Id.* at 1313. And that purpose is reflected in the

---

[1] Further, the relief requested by Wright is simply unavailable in this case: because of the significant public interest implicated in the event that a state prisoner is erroneously released, default is unavailable in federal habeas proceedings. *See, e.g., Woods v. Kearney*, 215 F. Supp. 2d 458, 463 n.7 (D. Del. 2002) (collecting cases).

2

provisions of Rule 23(a) providing for the substitution of a successor custodian as a party. *Wood v. United States*, 873 F. Supp. 56 (W.D. Mich. 1995). Jurisdiction over a petition for a writ of habeas corpus is determined when the petition is filed, however, and even in the absence of an application for transfer under Rule 23 during the pendency of an appeal, jurisdiction is retained. *E.g.*, *Barden v. Keohane*, 921 F.2d 476, 477 n.1 (3d Cir. 1990). Relief is thus foreclosed, and Wright's motion should be denied.

      For the foregoing reasons, the petitioner's motion for default judgment should be dismissed without further proceedings.

/s/
Thomas E. Brown (ID# 3278)
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE  19801
(302) 577-8500
e-mail: *ThomasE.Brown@state.de.us*

Date: November 23, 2005

## CERTIFICATE OF SERVICE

The undersigned, being a member of the Bar of this Court, hereby certifies that on November 23, 2005 he caused to be electronically filed a Motion for Extension of Time with the Clerk of the Court using CM/ECF.  I hereby certify that on November 23, 2005 I have also caused to be mailed by first class U.S. Mail two copies of the document to the following non-registered participant, the petitioner:

    Errick M. Wright (No. 211465)
    Central Violation Center
    P.O. Box 5003
    Smyrna, DE 19977-5003.


    /s/
    Thomas E. Brown
    Deputy Attorney General
    Del. Dept. of Justice

    Counsel for Respondents

Date: November 23, 2005