IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ERRICK M. WRIGHT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civ. A. No. 05-442-GMS |
| | ) | |
| RICK KEARNEY, Warden, and | ) | |
| ATTORNEY GENERAL OF THE | ) | |
| STATE OF DELAWARE, | ) | |
| | ) | |
| Respondents. | ) | |

———————

Errick Wright. *Pro se* petitioner.

Thomas E. Brown, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Attorney for respondents.

———————

**MEMORANDUM OPINION**

March 29, 2006
Wilmington, Delaware


Sleet, District Judge

## I. INTRODUCTION

Petitioner Errick M. Wright ("Wright") was detained at the Sussex Violation of Probation Center when he filed a petition for a writ of habeas corpus ("petition") pursuant to 28 U.S.C. § 2254. (D.I. 2.) For the reasons that follow, the court will dismiss his petition.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On May 18, 2004, a Superior Court jury convicted Wright of three counts of theft and one count of criminal mischief. (D.I. 15, Del. Super. Ct. Dkt. in ID No. 0310003717.) The Superior Court sentenced Wright to an aggregate period of four years in prison, suspended for probation. (D.I. 15, Sentence Order (Del. Super. Ct. June 25, 2004)). Twice thereafter, in January and June 2005, the Superior Court determined that Wright violated the terms of his probation. The sentence imposed for the June 2005 violation of probation included a requirement for Wright to participate in an anger management program. On June 21, 2005, Wright filed a notice of appeal in the Delaware Supreme Court. (D.I. 19, Del. Supr. Ct. Dkt. in No. 270,2005).

## III. EXHAUSTION AND PROCEDURAL DEFAULT

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petitioner must exhaust all means of available relief under state law before a federal court can grant habeas relief. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-44 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). AEDPA states, in pertinent part:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to

1

the judgment of a State court shall not be granted unless it appears that –

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B)(i) there is an absence of available State corrective process; or
(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

A petitioner satisfies the exhaustion requirement by demonstrating that the habeas claim was "fairly presented" to the state's highest court, either on direct appeal or in a post-conviction proceeding. *See Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997)(citations omitted); *Coverdale v. Snyder*, 2000 WL 1897290, at *2 (D. Del. Dec. 22, 2000). "'Fair presentation' of a claim means that the petitioner 'must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted.'" *Holloway v. Horn*, 355 F.3d 707, 714 (3d Cir. 2004)(citing *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999)).

A petitioner's failure to exhaust state remedies will be excused if state procedural rules preclude him from seeking further relief in state courts. *Lines v. Larkins*, 208 F.3d 153, 160 (3d Cir. 2000); *Wenger v. Frank*, 266 F.3d 218, 223 (3d Cir. 2001); *see Teague v. Lane*, 489 U.S. 288, 297-98 (1989). Although the failure to exhaust state remedies may be excused, unexhausted claims are still procedurally defaulted. *Lines*, 208 F.3d at 160. Federal courts may not consider the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claim. *McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999); *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991); *Caswell v. Ryan*, 953

F.2d 853, 861-62 (3d Cir. 1992).

To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier,* 477 U.S. 478, 488 (1986). A petitioner can demonstrate actual prejudice by showing "not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494.

Alternatively, a federal court may excuse a procedural default if the petitioner demonstrates that failure to review the claim will result in a fundamental miscarriage of justice. *Edwards v. Carpenter,* 529 U.S. 446, 451 (2000); *Wenger v. Frank,* 266 F.3d 218, 224 (3d Cir. 2001). A petitioner demonstrates a miscarriage of justice by showing a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray,* 477 U.S. at 496. Actual innocence means factual innocence, not legal insufficiency, *Bousley v. United States*, 523 U.S. 614, 623 (1998), and is established if no reasonable juror would have voted to find the petitioner guilty beyond a reasonable doubt. *Sweger v. Chesney,* 294 F.3d 506, 522-24 (3d Cir. 2002).

## IV. DISCUSSION

Wright filed the instant petition for habeas relief on June 27, 2005, while he was serving his VOP sentence at the Level IV VOP Center. The court therefore has jurisdiction over the petition because Wright's detention at Level IV satisfies the "in custody" requirement contained in § 2254(a).

Wright's petition asserts several complaints regarding his June 2005 VOP sentence.

Distilled to their core, the claims challenge the requirement regarding his attendance at anger management classes on the basis that it violates his Fifth Amendment rights and that the requirement constitutes an "unusual punishment" under the Eighth Amendment. (D.I. 2, at ¶¶ 8-10.)

Wright filed his appeal of the VOP sentence in the Delaware Supreme Court on June 21, 2005, and he filed the instant petition on June 27, 2005. When the State filed its answer on October 7, 2005, Wright's appeal was still pending in the Delaware Supreme Court. (D.I. 14.) Understandably, the State argued that the petition should be dismissed for failure to exhaust state remedies. The court has discovered,[1] however, that Wright moved the Delaware Supreme Court in December 2005 to voluntarily dismiss the appeal pursuant to Delaware Supreme Court Rule 29(a). Wright's appeal was subsequently dismissed on December 16, 2005.

By voluntarily dismissing his state appeal, Wright deprived the Delaware Supreme Court of a full and fair opportunity to address his habeas claims. *See Picard v. Connor*, 404 U.S. 270, 276 (1971). He cannot re-instate his appeal, because the time to appeal his VOP sentence has expired. *See* Del. Supr. Ct. R. 6(a)(imposing a 30 day time period in which to appeal a criminal sentence). Wright also cannot challenge the anger management requirement contained in his VOP sentence in a post-conviction proceeding filed pursuant to Delaware Superior Court Criminal Rule 61, because such a motion would be barred by Rule 61(i)(3), absent a demonstration of cause for the procedural default and prejudice resulting therefrom. *See, e.g., State v. Wingate*, 2004 WL 772335, at *3 (Del. Super. Ct. Mar. 15, 2004); *State v. Evans*, 2002

---

[1] On February 8, 2006, the court obtained an updated copy of the docket for Wright's VOP appeal from the Delaware Supreme Court. The court takes judicial notice of the Delaware Supreme Court docket for *Wright v. State*, No.270,2005.

WL 555068, at *1 (Del. Super. Ct. Apr. 9, 2002)(noting that claims not raised during the VOP hearing, the sentencing, or on appeal are barred by Rule 61(i)(3) absent cause and prejudice). Consequently, Wright procedurally defaulted his habeas claims, and federal habeas review will be precluded absent a showing of cause and prejudice, or a miscarriage of justice.

Wright has not provided the court with any explanation for voluntarily dismissing his appeal regarding his VOP sentence. The court has also reviewed the record, and is unable to discern any cause for this procedural default. Wright's failure to establish cause eliminates the court's obligation to address the issue of prejudice. Additionally, because Wright has not provided any colorable claim of actual innocence, the miscarriage of justice exception does not excuse his procedural default. Accordingly, the court will deny Wright's habeas petition as procedurally barred.

## V. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Further, when a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the prisoner must demonstrate that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Slack*, 529

U.S. at 484.

The court concludes that Wright's petition does not warrant federal habeas relief. Reasonable jurists would not find this conclusion to be debatable. Consequently, the court declines to issue a certificate of appealability.

## VI. CONCLUSION

For the reasons stated, Wright's petition for habeas relief pursuant to 28 U.S.C. § 2254 is denied. In addition, Wright's motion for access to a full law library (D.I. 5.), his motion to be released from custody pending the disposition of his habeas petition (D.I. 20.), and his motion for a default judgment against the State (D.I. 21.) will be denied as moot. An appropriate order shall issue.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ERRICK M. WRIGHT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civ. A. No. 05-442-GMS |
| ) | |
| RICK KEARNEY, Warden, and ) | |
| ATTORNEY GENERAL OF THE ) | |
| STATE OF DELAWARE, ) | |
| ) | |
| Respondents. ) | |

**ORDER**

For the reasons set forth in the Memorandum Opinion issued this date, IT IS HEREBY ORDERED that:

1. Errick M. Wright's petition for the writ of habeas corpus, filed pursuant to 28 U.S.C § 2254, is DISMISSED, and the relief requested therein is DENIED. (D.I. 2.)

2. The following motions are DENIED as moot:

   a. Motion for the court to order that he be allowed access to a full law library. (D.I. 5.)

   b. Motion to be released from custody pending the disposition of Wright's habeas petition. (D.I. 20.)

   c. Motion for default judgment against the State. (D.I. 21.)

3. The court declines to issue a certificate of appealability because Wright has failed to

satisfy the standards set forth in 28 U.S.C. § 2253(c)(2).


Dated: March 29, 2006

                                      UNITED STATES DISTRICT JUDGE