IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ERRICK M. WRIGHT, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civ. A. No. 05-442-GMS |
| | ) |
| RICHARD KEARNEY, | ) |
| Warden, | ) |
| | ) |
| Respondent. | ) |

**ORDER**

At Wilmington this 4th day of August, 2006;

IT IS ORDERED that:

*Pro se* petitioner Errick M. Wright's motion for reversal of the court's judgment denying his § 2254 petition as procedurally barred is DENIED. (D.I. 30.)

Wright's motion does not identify the authority by which he is asking for reconsideration. Given the nature of Wright's assertions, the court construes the motion to be asserted pursuant to Federal Rule of Civil Procedure 60(b)(6), which permits a court to relieve a party from a final judgment for any reason other than the five reasons specifically enumerated in the rule. However, a court may grant a Rule 60(b) motion only in extraordinary circumstances. *Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987).

Wright's habeas petition challenged the terms of his violation of probation sentence. The court denied the petition after determining that Wright voluntarily dismissed his appeal of the VOP sentence to the Delaware Supreme Court; that dismissal constituted a procedural default,

and Wright did not demonstrate cause and prejudice, or a miscarriage of justice, to excuse that procedural default.

Now, in the instant motion, Wright attempts to demonstrate cause for his procedural default by stating that he voluntarily dismissed his state supreme court appeal because his confinement limited his access to information and other resources, thus, he was unable to "effectively complete the procedure." (D.I. 30, at ¶ 2.) Further, Wright contends that, "as a *pro se* defendant, the State has an unfair advantage," and that any representation from the Public Defender's Office would not have helped because there is "collusion" between the Attorney General's Office and the Public Defender's Office. (D.I. 30, at ¶ 2.)

These conclusory and unsupported allegations fail to demonstrate cause for Wright's default. Additionally, inmates do not have an unrestricted right to a law library or legal assistance; they are only entitled to a "reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts," and Wright fails to demonstrate that the alleged limited access to the library and other resources "hindered his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 351 (1996).

Wright also provides a further substantive argument to support the claims raised in his habeas petition. However, a motion for reconsideration is not appropriate to reargue issues that the court has already considered and decided. *Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D.Del. 1990).

Therefore, the court concludes that Wright's motion fails to warrant reconsideration of its

Memorandum Opinion and Order dated March 29, 2006.

_____
UNITED STATES DISTRICT JUDGE